UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH FERRELL, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-644 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| MARY K. BERGHUIS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    Factual allegations

Petitioner presently is incarcerated in the West Shoreline Correctional Facility. Following a jury trial, Petitioner was convicted for possession of 50 or more but less than 225 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(iii), possession with intent to deliver less than five kilograms of marijuana, MICH. COMP. LAWS § 333.7401(2)(d)(iii), and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  On August 15, 2002, Washtenaw County Circuit Court sentenced Petitioner to concurrent prison terms of two years for each of the felony-firearm convictions, to be served prior to and consecutive to, prison terms of ten to twenty years for the possession of cocaine conviction, and one to four years for the possession with intent to distribute marijuana conviction.  Petitioner presented one claim on appeal to the Michigan Court of Appeals.  The court of appeals affirmed his conviction in an unpublished decision issued on April 13, 2004.  Petitioner then sought leave to appeal in the Michigan Supreme Court. On October 25, 2004 the Michigan Supreme Court denied Petitioner's application for leave to appeal.

On July 1, 2005, Petitioner filed a motion for relief from judgment in the Washtenaw County Circuit Court, raising six claims, presumably pursuant to M.C.R. § 6.500 *et seq.*  Petitioner's motion remains pending in the state circuit court.  In the instant application for habeas corpus relief, Petitioner raises both the claim raised on direct appeal in the Michigan appellate courts and the six new claims presented in his motion for relief from judgment.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner properly exhausted the one claim presented in his direct appeal, as he presented it to both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner, however, has not completed exhaustion of his state court remedies with regard to the six claims set forth in his motion for relief from judgment. He has not received a decision from the state circuit court, and has not yet presented the claims on appeal to the Michigan appellate courts.

Because Petitioner has one exhausted claim and several that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner concedes

that his petition is "mixed," but seeks a stay of the proceedings while he completes exhaustion of his state court remedies. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).

Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 25, 2004. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 23, 2005. Accordingly, Petitioner had one year, until January 23, 2006, in which to file his habeas petition.

The statute of limitations was tolled when Petitioner filed his motion for relief from judgment on July 1, 2005. *See* 28 U.S.C. § 2244(d)(2) (The running of the statute of limitations is

4

tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.")  At the time the statute was tolled, Petitioner had 206 days remaining in the limitations period.  The statute of limitations will remain tolled during the pendency of the proceedings on Petitioner's motion for relief from judgment in the state courts.  A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  It also is considered pending during the ninety-day period in which a petitioner could have filed a petition for writ of certiorari in the United States Supreme Court following final disposition in the state supreme court, whether or not such a petition actually was filed.  *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), *cert. denied* 541 U.S. 1070 (2004).  Thereafter, Petitioner has 206 days remaining in the limitations period in which to file a new habeas corpus action setting forth all of his exhausted claims.

Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies.  Therefore, a stay of these proceedings is not warranted.  Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 as a mixed petition because he has failed to exhaust state court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:  November 18, 2005                              /s/ Gordon J. Quist    
                                                                       GORDON J. QUIST  
                                        UNITED STATES DISTRICT JUDGE